UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| CONNIE ERWIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No: 4:13-cv-279-HLM |
| vs. | ) | |
| | ) | |
| | ) | |
| ANGEL EMERGENCY MEDICAL | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | | |

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), Plaintiff files this lawsuit against Defendant, and for her cause of action states as follows:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Defendant is a limited liability company formed under the laws of Georgia. Its principal office is located in Fort Oglethorpe, Georgia. Its registered agent for service of process is Dewayne Wilson, 337 S. Cedar Lane, Fort Oglethorpe, Georgia, 30742.

3. Defendant provides emergency and non-emergency transportation

services to customers in the North Georgia and Chattanooga, Tennessee areas, including ambulance service and non-emergency transport of customers to medical facilities. Defendant employs drivers who transport customers in vehicles owned and/or leased by Defendant.

4. Plaintiff was employed by Defendant during 2012 and 2013. While Plaintiff was employed by Defendant, she worked as a driver and transported passengers to medical doctors' offices and other medical facilities in vans provided by Defendant. Plaintiff transported these passengers in the North Georgia and Chattanooga areas.

5. Plaintiff routinely drove vans that weighed less than 10,001 pounds and had a capacity of less than eight passengers.

6. While Plaintiff was employed by Defendant, she routinely worked overtime hours of more than 40 per workweek for which he was not paid overtime compensation of one and one-half times his regular rate of pay.

7. Specifically, Defendant routinely required Plaintiff to work off the clock; altered Plaintiff's time records to delete overtime hours worked; and "rolled over" overtime hours worked during one week to the next workweek.

8. Defendant transports passengers across state lines. Accordingly, at all times material to this action, Defendant was an enterprise engaged in commerce or

in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendant had annual gross volume of sales which exceeded $500,000.00.

9. While Plaintiff worked for Defendant, Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

10. While Plaintiff worked for Defendant, she was an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three years and within two years preceding the filing of this lawsuit.

11. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

12. While Plaintiff was employed by Defendant, she was entitled to overtime wages at a rate of one and one-half times his regular rate of pay for hours worked over 40 in a given workweek, pursuant to Section 207 of the FLSA.

13. Defendant's failure to pay Plaintiff overtime wages of one and one-half times his regular rate of pay for all overtime hours worked was a violation of Section 207 of the FLSA.

14. Defendant's violation of Section 207 of the FLSA was willful. Specifically, Defendant was well aware of its obligation to pay Plaintiff overtime pursuant to the FLSA, or recklessly disregarded its duty to learn its legal

obligations.

15. As a result of Defendant's failure to comply with Section 207 of the FLSA, Defendant is liable to Plaintiff for overtime back pay.

16. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. Section 216(b).

17. Plaintiff is entitled to an award of attorney's fees pursuant to 29 U.S.C. Section 216(b).

WHEREFORE Plaintiff prays for a judgment for damages against Defendant that includes the following:

(a) Overtime back pay;

(b) Liquidated damages in an amount equal to her overtime back pay;

(c) Reasonable attorney's fees;

(d) The costs and expenses of this action; and

(e) All further general legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr.
GA Bar #387630
4525 Harding Road
Suite 200
Nashville, Tennessee 37205
(615) 313-8188
Facsimile: 615-313-8702
rsjackson@rsjacksonlaw.com


/s/John R. McCown
John McCown
GA Bar #486002
Warren & Griffin, P.C.
513 Benjamin Way
Suite 208
Dalton, GA 30721
(423) 265-4878
Facsimile: 706-529-3890
johnmccown@gmail.com


Attorneys for Plaintiff